UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM KEMP, #177395,

    Petitioner,

v.                                     Case No. 07-CV-13362
                                     Honorable John Corbett O'Meara
                                     Magistrate Judge Virginia M. Morgan

CINDI CURTIN,

    Respondent.
_____/

OPINION AND ORDER TRANSFERRING
CASE TO THE COURT OF APPEALS FOR THE SIXTH CIRCUIT
PURSUANT TO 28 U.S.C. §2244(b)(3)(A)

Pending before the court is Petitioner William Kemp's *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner is a state inmate currently incarcerated at Jackson Cooper Street Facility in Jackson, Michigan. Petitioner challenges his conviction of assault with a dangerous weapon, Mich. Comp. Laws §750.82. He was sentenced as a fourth time habitual offender under Mich. Comp. Laws §769.12 to two years eight months to fifteen years. Respondent has filed a "Motion to Transfer Petition for Writ of Habeas Corpus" to the Sixth Circuit Court of Appeals asserting that the petition presently before the Court is a second or successive petition. Petitioner filed a response disputing Respondent's assertion. For the reasons stated below, the Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §2244(b)(3)(A) for authorization to file a second or successive habeas petition.

# I. BACKGROUND

On September 20, 1999, Petitioner filed a habeas corpus petition in the United States District Court for the Western District Michigan before Judge Robert Holmes Bell. The habeas petition was dismissed with prejudice on February 13, 2002. See *Kemp v. Caruso,* No. 99-CV-00172 (W.D. Mich. Feb. 13. 2002). Petitioner sought an appeal with The United States Court of Appeals for the Sixth Circuit on April 19, 2002. However, Petitioner's appeal was dismissed for want of prosecution on May 20, 2002. *Kemp v. Caruso,* No: 02-1335, (6th Cir. May 20, 2002).

Petitioner then returned to state court where he filed a motion for relief from judgment. His motion was denied on October 24, 2007[1]. The motion for relief from judgment alleged the existence of newly discovered evidence and that the trial court lacked subject matter jurisdiction to vacate a valid sentence. Petitioner's argument regarding his sentence is not clear. However, the Court interprets his objection to be the imposition of a lengthier sentence under Mich. Comp. Laws §769.12 due to his fourth time offender status. The record does not reflect that Petitioner appealed the trial court's ruling to the Michigan Court of Appeals or any other state appellate court. Petitioner has filed the pending habeas corpus petition.

# II. DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. §2244(b)(3)(A); *In re Wilson,* 142 F.3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a

---

[1] It appears that Petitioner filed his habeas petition, on August 13, 2007, while a decision was still pending on his motion for relief from judgment in the state court, which was not rendered until October 24, 2007.

successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer,* 36 F.Supp.2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit Court must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; see also *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

In the present case, Petitioner has previously filed a habeas petition with the federal courts challenging the same conviction as that which is presently being challenged in this Court. Petitioner argues, however, that the petition before the Court is not second or successive because he is only challenging the issue of his enhanced sentence. Petitioner's decision to modify the issues he now raises for habeas review does not negate the fact that the sentencing issue arises from the same conviction for which he already filed for habeas relief on September 20, 1999. Further, Petitioner's objective in filing this habeas petition is to argue that he is being unlawfully confined, as was arguably done in his 1999 petition. Therefore, the Court does not find Petitioner's argument disputing the successive nature of his petition persuasive.

Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of this petition if it had been dismissed without prejudice on exhaustion grounds, see *Harris v. Stovall,* 22 F.Supp.2d 659, 664 (E.D. Mich. 1998), Petitioner's prior habeas petition was dismissed with prejudice. He is therefore required to obtain a certificate of authorization in order to file a second or successive petition for a writ of habeas corpus. Because

this appears to be a second or successive petition, it would be error for this Court to dismiss the petition[2] rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gate keeping provisions. *Corrao v. United States,* 152 F.3d 188, 190-91 (2nd Cir. 1998).

### III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. §2244(b)(3)(A).

Accordingly,

IT IS ORDERED that Respondent's "Motion to Transfer Petition for Writ of Habeas Corpus to United States Sixth Circuit Court of Appeals" [dkt. #19] is **GRANTED**.

IT IS FURTHER ORDERED that the Clerk of the Court **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. §1631 and *In re Sims,* 111 F.3d at 47.

IT IS FURTHER ORDERED that Petitioner's "Motion for Relief from Judgment" [dkt. #9] is **DENIED** as **MOOT**.

IT IS FURTHER ORDERED that Petitioner's "Motion for Leave for Discovery" [dkt. #13] is **DENIED** as **MOOT**.

---

[2] It does not appear that Petitioner has exhausted his state court remedies relative to this new petition.

IT IS FURTHER ORDERED that Petitioner's "Motion for Relief from Judgment" [dkt. #22] is **DENIED** as **MOOT**.

                                                                 s/John Corbett O'Meara
                                                                 United States District Judge

Date: September 2, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 2, 2008, by electronic and/or ordinary mail.

                                                                 s/William Barkholz
                                                                 Case Manager